IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**SANDRA LYNN ALLEN**                                                  **PLAINTIFF**

**V.**                                                     **NO. 4:20-CV-172-DMB-DAS**

**MISSISSIPPI DEPARTMENT OF
PUBLIC SAFETY, et al.**                                                     **DEFENDANTS**

**ORDER**

After Sandra Allen filed a complaint against the Mississippi Department of Public Safety and various individuals alleging numerous employment-related claims of discrimination and retaliation, the defendants moved to dismiss certain claims as barred by sovereign immunity. For the reasons explained below, the motion to dismiss will be granted in part and denied in part.

**I
Procedural History**

On September 29, 2020, Sandra Lynn Allen filed a complaint in the United States District Court for the Northern District of Mississippi against the Mississippi Department of Public Safety ("MDPS"); Sean Tindell, Chairman and Commissioner of MDPS; Marshall L. Fisher, individually and in his official capacity as former Chairman and Commissioner of MDPS; and Kenneth K. Brown,[1] individually and in his official capacity as Director of the Driver Services Bureau. Doc. #1. Allen's complaint, which is 64-pages long and includes multiple citations to legal authority, contains twelve counts: (1) "Title VII Claim-Sex and Gender Discrimination;" (2) "Title VII Claim-Retaliation;" (3) "Equal Protection Claim;" (4) "Claim under the Equal Pay Act;" (5) "Claims against Defendant Fisher;" (6) "Claims against Defendant Brown;" (7) "Employment

---

[1] In one instance, this defendant's middle initial is shown as "H." instead of "K." Doc. #1 at 1.

Practices of the MDPS;" (8) "First Amendment Claim;" (9) "Section 1981 and Section 1983 Claims;" (10) "Declaratory Judgment and Injunctive Relief;" (11) "Hostile Work Environment Claim;" and (12) "Punitive Damages, Attorney's Fee and Equitable Relief." *Id.* at 33–61. Based on these claims, Allen seeks injunctive relief; back pay; actual and compensatory damages from MDPS, Fisher, and Brown; and punitive damages from Fisher and Brown. *Id.* at 62–64. The defendants answered the complaint on October 21, 2020. Doc. #7.

On December 11, 2020, MDPS, as well as Tindell, Fisher, and Brown in their official capacities, filed a motion to "dismiss any claims arising under 42 U.S.C. § 1983 for monetary damages and/or retrospective relief" on grounds that they "are immune from suit against §1983 claims under the Eleventh Amendment to the United States Constitution."[2] Doc. #13 at 1. The motion is fully briefed. Docs. #14, #23, #26.

**II**
**Standard of Review**

Although the defendants bring their motion under "Rule 12(b)(6) and/or 12(c) of the Federal Rules of Civil Procedure,"[3] "[s]overeign immunity implicates a federal court's subject matter jurisdiction." *Joiner v. United States*, 955 F.3d 399, 403 (5th Cir. 2020). Thus, the motion is properly analyzed under Federal Rule of Civil Procedure 12(b)(1).

A motion to dismiss under Rule 12(b)(1) is characterized as either "facial" or "factual." *Superior MRI Servs., Inc. v. All. Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015). "Where, as here, the movant mounts a facial attack on jurisdiction based only on the allegations in the complaint, the court simply considers the sufficiency of the allegations in the complaint

---

[2] The same day, MDPS, as well as the individual defendants in their official and individual capacities, filed a separate motion to dismiss Allen's First Amendment claims. Doc. #15. The First Amendment motion will be addressed in a separate order.

[3] Doc. #13 at 1.

2

because they are presumed to be true." *Lee v. Verizon Commc'ns, Inc.*, 837 F.3d 523, 533 (5th Cir. 2016).

## III
## Factual Allegations

Allen, a Caucasian female, has worked as a Driver's License ("DL") Examiner in the Driver Services Division of MDPS since November 1990. Doc. #1 at ¶ 35. Allen also performs duties of a Terminal Agency Coordinator ("TAC") officer but has not been properly classified as such. *Id.* at ¶¶ 40–41. On June 22, 2016, Allen "was re-classified from a MDPS-Regular Driver License Examiner IV to a MDPS-Regular Driver Licenser, Sr." *Id.* at ¶ 38. Because her reclassification did not recognize her as a TAC officer (despite her performance of the duties of the position), "the MDPS did not provide additional compensation for the additional permanent duties" she performed, and she suffered a loss of pay and retirement benefits. *Id.* at 38.

In February 2019, Allen learned that "MDPS provided raises in salary to other DL Examiners, similar to her, but not of her sex and gender." *Id.* at ¶ 58. As a result, on February 5, 2019, Allen filed a grievance with MDPS over the misclassification of DL Examiners, disparate pay, and discrimination. *Id.* at ¶¶ 68, 74.

Three days after Allen filed the grievance, Brown called Allen at her office and "yelled" at her for "making him look bad" and told her he was going to "bring her down" to a meeting at headquarters. *Id.* at ¶ 77. On February 13, 2019, Allen and another female DL Examiner met with MDPS officials to discuss grievances over pay. *Id.* at ¶ 83. After the other woman left her meeting crying, Allen entered a meeting with "M/S Fair, LT Hall, and Captain Jay Kelly," who were members of her chain of command, and Brown. *Id.* at ¶¶ 84–85. Brown told Allen that she "did not have a grievance" and "was making it personal." *Id.* at ¶ 85 (emphasis omitted). "Allen was

3

bullied and raked over the coals" by Brown. *Id.* at ¶ 92 (internal quotation marks omitted). Two days later, her grievance was denied by Fair. *Id.* at ¶ 93.

On February 18, 2019, Allen informed MDPS' human resources department of Brown's "bullying conduct" during the phone call and meeting. *Id.* at ¶¶ 94–95. On March 8, 2019, Kelly "denied … Allen any relief in regard to her grievance." *Id.* at ¶ 96. Approximately two weeks later, Allen filed an appeal with the Mississippi Employee Appeals Board. *Id.* at ¶ 99.

On or about April 8, 2019, MDPS informed the DL examiners by memorandum of its decision to "eliminate the 'Regular Driver License Class' and place all of you in the State Personnel Board approved positions as DL Examiners, once all details have been finalized in our Human Resource department." *Id.* at ¶¶ 104–05.

On June 12, 2019, Allen filed a charge of discrimination with the Equal Employment Opportunity Commission, alleging sex discrimination and retaliation. *Id.* at ¶ 107. After the charge was filed, Allen's grievance appeal was dismissed because the Administrative Law Judge "ruled that … Allen had chosen to seek relief from the EEOC and that [the appeals board] lacked jurisdiction." *Id.* at ¶ 120. The next month, MDPS "provided an upward salary adjustment for DL Examiners. However, the MDPS failed to address … Allen's permanent job duties, her additional pay, and being underpaid as on account of her sex and gender." *Id.* at ¶ 113. Allen "continues in her role as TAC Officer certifying and re-certifying employees without any additional pay or benefits" and has lost job duties to less qualified individuals. *Id.* at ¶¶ 115–16.

## IV
## Analysis

As mentioned above, the defendants argue that Allen's claims for monetary damages and retrospective relief against MDPS and the individual defendants in their official capacities under § 1983 are barred by the Eleventh Amendment. Doc. #14 at 3.

### A. Sovereign Immunity

"The purpose of the Eleventh Amendment is to recognize state sovereignty by shielding states, absent their consent or an explicit act of Congress, from money judgments assessed in federal court." *Stratta v. Roe*, 961 F.3d 340, 350 (5th Cir. 2020). "Pursuant to the Eleventh Amendment, a state's sovereign immunity in federal court extends to private suits against state agencies, state departments, and other arms of the state." *Corn v. Miss. Dep't of Public Safety*, 954 F.3d 268, 273 (5th Cir. 2020). As a result of this immunity, "[f]ederal courts are without jurisdiction over suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it." *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 393–94 (5th Cir. 2015).

Allen does not dispute that MDPS is an "arm of the state" or that the individual defendants may assert sovereign immunity with respect to the claims against them in their official capacities. Instead, she argues that her claims may be brought under the *Ex parte Young* exception to sovereign immunity. Doc. #23 at 6.

"[T]he *Ex parte Young* exception permits suits for prospective relief against state officials acting in violation of federal law." *Green Valley Special Utility Dist. v. City of Schertz*, 969 F.3d 460, 471 (5th Cir. 2020). Three criteria must be satisfied for the exception to apply: (1) "[a] plaintiff must name individual state officials as defendants in their official capacities;" (2) "the plaintiff must allege an ongoing violation of federal law;" and (3) "the relief sought must be prospective." *Id.* (cleaned up). Ordinarily, in deciding whether the exception applies, "a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective," rather than

analyzing the merits of the claim. *City of Austin v. Paxton*, 943 F.3d 993, 998 (5th Cir. 2019) (internal alteration omitted).

### B. MDPS

Allen's prayer for relief seeks "a judgment against Defendant MDPS in the amount of $750,000.00 for her actual and compensatory damages" for all her claims. To the extent the complaint can be read to assert claims against MDPS under § 1983, such claims are improper. *See Corn*, 954 F.3d at 275 ("MDPS has not specifically waived its immunity from suit in federal court, and Congress has not expressly waived sovereign immunity for § 1983 suits.") (internal quotation marks omitted). Accordingly, this Court is without jurisdiction over Allen's § 1983 claims against MDPS.

### C. Tindell

Tindell, who is not mentioned in the complaint's prayer for relief or any of its separate counts,[4] is named only in his official capacity as the Commissioner of MDPS. Doc. #1 at ¶ 22. Allen alleges that MDPS is violating her equal protection rights because she "received treatment different from that received by similarly situated individuals" and asks the Court "to compel the Defendant MDPS to reclassify her" and "ensure that female employees of … MDPS are not subjected to retaliation and reprisal by the Agency and its officials for opposing disparate treatment." *Id.* at ¶¶ 161, 165. To address this alleged violation, Allen "seeks injunctive relief" against Tindell. *Id.* at 8. Because Allen (1) names Tindell in his official capacity; (2) alleges an ongoing violation of federal law; and (3) seeks prospective relief, the *Ex parte Young* exception

---

[4] Tindell also is not mentioned in the motion's prayer for relief or in the initial memorandum's substantive arguments (though he is mentioned in the motion's introductory paragraph). However, as the defendants seek "to dismiss MDPS and *any* Defendants sued in their official capacities," Doc. #26 at 1 (emphasis added), the motion is properly deemed as requesting Tindell's dismissal. Even if the motion did not expressly seek Tindell's dismissal, the Court may consider issues of sovereign immunity sua sponte. *Raj v. La. State Univ.*, 714 F.3d 322, 329 (5th Cir. 2013).

applies such that the § 1983 claims against Tindell, as the Commissioner of MDPS, are not barred by sovereign immunity.

### D. Fisher and Brown

Allen seeks a "judgment against … Fisher and Brown, jointly and severally, in an amount of $750,000.00 for actual and compensatory damages," as well as punitive damages. Doc. #1 at 64. Allen names these defendants in both their official and individual capacities and does not distinguish in which capacity she brings each of her individual counts.

"To determine whether a defendant is being sued in his or her official or individual capacity, [courts] examine the allegations in the complaint and the course of proceedings." *Robinson v. Hunt Cnty.*, 921 F.3d 440, 446 (5th Cir. 2019) (cleaned up). Here, where Allen seeks damages from Fisher and Brown under § 1983, she alleges that they were "personally involved" in violations of her constitutional rights. *See* Doc. #1 at 44–51. Thus, based on the allegations of the complaint, these claims appear to be brought against the defendants in their individual, rather than official, capacity and are, therefore, not subject to sovereign immunity.[5] *See Burge v. Parish of St. Tammany*, 187 F.3d 452, 476–77 (5th Cir. 1999) ("Personal- or individual-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law.").

## V
## Conclusion

The defendants' motion to dismiss [13] is **GRANTED in Part and DENIED in Part**. It is GRANTED to the extent it seeks dismissal of Allen's § 1983 claims against MDPS. It is

---

[5] To the extent Allen brings claims seeking damages against Fisher and Brown in their official capacity, such claims fail for the same reasons explained with respect to MDPS.

DENIED in all other respects. The § 1983 claims against MDPS are **DISMISSED without prejudice**.[6]

**SO ORDERED**, this 15th day of April, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[6] The Fifth Circuit has affirmed with prejudice dismissals based on the doctrine of sovereign immunity. *See, e.g.*, *Aguilar v. Tex. Dep't of Crim. Just.*, 160 F.3d 1052, 1053 (5th Cir. 1998); *Arriba Ltd. v. Petroleos Mexicanos*, 962 F.2d 528, 530 (5th Cir. 1992) (foreign sovereign immunity case). However, none of these opinions appear to have directly addressed the propriety of a with prejudice dismissal. The Fifth Circuit opinions directly addressing the issue have held that a dismissal for sovereign immunity should be without prejudice. *See United States v. $4,480,466.16 in Funds Seized from Bank of Am. Acct. Ending in 2653*, 942 F.3d 655, 666 (5th Cir. 2019) ("Claims barred by sovereign immunity are dismissed without prejudice, not with prejudice."); *Block v. Tex. Bd. of L. Exam'rs*, 952 F.3d 613, 620 (5th Cir. 2020) (*quoting $4,480,466.16 in Funds*). The Court follows this direct guidance.