IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**SANDRA LYNN ALLEN**                                                                 **PLAINTIFF**

**V.**                          **NO. 4:20-CV-172-DMB-DAS**

**MISSISSIPPI DEPARTMENT**
**OF PUBLIC SAFETY, et al.**                        **DEFENDANTS**

## ORDER

Sandra Allen has moved to strike the defendants' summary judgment motion or, alternatively, to conduct discovery before responding to the motion. Because the defendants' summary judgment motion violates this Court's Local Rules, it will be denied without prejudice and, accordingly, Allen's related motions will be denied as moot.

## I
## Procedural History

On September 29, 2020, Sandra Lynn Allen filed a complaint in the United States District Court for the Northern District of Mississippi against her employer, the Mississippi Department of Public Safety ("MDPS"), and various officials connected to MDPS. Doc. #1. Allen's complaint contains twelve counts, alleging various sex and gender discrimination and retaliation claims under Title VII, First Amendment claims, § 1983 claims, and Equal Pay Act claims, and seeking declaratory judgment, injunctive and equitable relief, punitive damages, and attorney's fees. *Id.* at 33–62.

After answering the complaint,[1] the defendants filed two separate motions to dismiss on December 11, 2020. Docs. #13, #15. Because one motion asserted qualified immunity, United

---

[1] Doc. #7.

States Magistrate Judge David A. Sanders entered an order staying "the attorney conference, disclosure requirements, and all discovery" in accordance with the Local Rules. Doc. #17.

While the motions to dismiss were still pending, the defendants filed a motion for summary judgment on January 26, 2021. Doc. #28. On her February 9, 2021, deadline to respond to the summary judgment motion, Allen filed a motion "to conduct discovery prior to having to respond to Defendants' pending Motion under Rule 56 (d) of the Federal Rules of Civil Procedure." Doc. #30. Noting that "the motion implicitly seeks an extension of the response deadline pending resolution of the discovery-related relief," the Court stayed "the response deadline … until such time as the merits of Allen's motion have been decided." Doc. #32.

On April 15, 2021, the Court entered two orders disposing of the motions to dismiss. First, after finding MDPS was entitled to sovereign immunity, the Court dismissed without prejudice Allen's § 1983 claims against MDPS but denied all other relief. Doc. #35 at 6–8. Then, the Court dismissed Allen's First Amendment claims because Allen did not allege "sufficient facts to show that she spoke on a matter of public concern." Doc. #36 at 7. However, because it was "not clear that the pleading defects … [were] incurable or that Allen [was] unwilling or unable to amend her complaint in a manner that would avoid dismissal," Allen was allowed a period of time to seek leave to file an amended complaint. *Id.* at 7–9.

On June 1, 2021, Allen, with leave of the Court,[2] filed an amended complaint against the same defendants. Doc. #42. Subsequently, Judge Sanders lifted the discovery stay. Doc. #43. On August 13, 2021, because "the defendants' summary judgment motion addresse[d] the original complaint and … the original complaint [was] superseded by the amended complaint" and "it

---

[2] Doc. #41.

judicially would be most efficient to address the relevant issues in an updated motion for summary judgment which addresses the amended complaint," the Court denied without prejudice both the summary judgment motion and the discovery motion. Doc. #54.

On November 17, 2021, the defendants filed a renewed motion for summary judgment on all of Allen's claims. Doc. #64. Six days later, Allen filed an "emergency motion" to strike the renewed motion for summary judgment "or in the alternative to allow the conducting of discovery prior to [her] having to respond." Doc. #72. The next day, Allen filed another "emergency" motion seeking the same relief. Doc. #75.[3] The defendants timely responded to the motions to strike, asserting that the Federal Rules of Civil Procedure provide a mechanism to strike a pleading but not a motion and that Allen's alternative request "is too general and conclusory to satisfy the specificity requirements of [Rule] 56(d)." Doc. #81 at 2. Allen filed a reply arguing, among other things, that her motion to strike is not procedurally deficient and that the filing of the renewed summary judgment motion "has resulted in prejudice to her ability to litigate her case." Doc. #82.

II
Analysis

In violation of Local Rule 7(b)(2)(B), the defendants' renewed motion for summary judgment is five pages long. *See* L.U. Civ. R. 7(b)(2)(B) ("Other than discovery motions under Rule 37, a motion may not exceed four pages …."). Accordingly, it is denied without prejudice to the filing of a summary judgment motion which complies with the Local Rules. *Tri-Valley CAREs v. U.S. Dep't of Energy*, 672 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as a result of a failure to comply with local rules is well within a district court's discretion.").

---

[3] Allen initially filed the motion without her counsel's affidavit. Doc. #74. She subsequently filed a corrected motion with the affidavit as an exhibit. Docs. #75, #75-1.

Having denied the motion for summary judgment, Allen's related motions to strike and to conduct discovery will be denied without prejudice as moot. But even if these motions were not moot, Allen has not shown she is entitled to the relief she seeks.

First, though Allen argues striking the renewed motion is proper because the "procedural history do[es] not warrant the Court's allowing [the defendants] a 'second bite at the apple,'"[4] the Court's August 13 order denying the initial summary judgment motion without prejudice explicitly contemplated the filing of a renewed motion, and the denial of summary judgment was on procedural grounds, not on the merits. Doc. #54.

Additionally, to the extent Allen argues summary judgment is premature because she has not received discovery responses from the defendants,[5] "Rule 56 does not require that *any* discovery take place before summary judgment can be granted." *Mendez v. Poitevent*, 823 F.3d 326, 336 (5th Cir. 2016).

Finally, Allen, who asserts that "[d]iscovery will allow [her] to obtain relevant and admissible evidence that she was performing duties of a TAC officer; not being paid for those job duties and the disparate treatment directed towards [her],"[6] has failed to "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion" as required by Rule 56.[7] *Renfroe v. Parker*, 974 F.3d 594, 600–01 (5th Cir. 2020). If Allen renews her request to conduct discovery following a second renewed

---

[4] Doc. #73 at 10.

[5] The docket reflects the defendants have since served their discovery responses on Allen. *See* Docs. #77, #78, #79.

[6] Doc. #74 at 3.

[7] Allen incorporated by reference her earlier discovery motion and memorandum. Doc. #73 at 11. However, her previous filings suffer from the same deficiencies. *See* Docs. #30, #31.

motion for summary judgment, the request can only be successful if Allen identifies discoverable facts of which she does not have first-hand knowledge and explains why those facts are necessary for her to respond to the summary judgment motion.

### III
### Conclusion

The defendants' renewed motion for summary judgment [64] is **DENIED without prejudice**. Allen's emergency motions [72][75] are **DENIED without prejudice as moot**.

**SO ORDERED**, this 16th day of December, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**