IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**SANDRA LYNN ALLEN**                                                                         **PLAINTIFF**

**v.**                                                     **CAUSE NO. 4:20CV172-DMB-DAS**

**MISSISSIPPI DEPARTMENT OF
PUBLIC SAFETY, ET AL**                                                       **DEFENDANTS**

**ORDER**

The court has heard arguments regarding a number of discovery issues related to the plaintiff's requests for production of documents and Rule 30(b)(6) deposition notice in a telephonic status conference on February 17, 2022, as well as during the in-person Settlement Conference on February 22, 2022. The court has considered the defendant's objections and will address each in turn.

    **I.**     **Notice of 30(b)(6) Deposition**

The plaintiff filed a "Notice to Take Deposition Upon Oral Examination of Defendant, Mississippi Department of Public Safety, Pursuant to Rule 30(b)(6) [Amended]" on February 23, 2022. Docket 111. This Notice appears to include an additional area of inquiry not included in the version of the notice discussed at the Settlement Conference. To prevent any confusion between the numbering of the separate versions, the complete text of each area of inquiry the defendant objects to is reproduced herein.

> a. That such official or officials should also have knowledge of the Initial Disclosures of Defendant MDPS, and any supplementation under *Rule 26 of the Federal Rules of Civil Procedure* by Defendant MDPS in this civil action; and the individuals and documents referenced in the Initial Disclosures of Defendant MDPS.

The plaintiff submitted the "Mississippi Department of Public Safety's Responses to Plaintiff's First Set of Interrogatories" as an exhibit to the plaintiff's 30(b)(6) notice. Docket 111-2. As discussed with the court, these responses were signed by Mr. Kevin Raymond in his

capacity as the "Director, Driver Service Bureau." *Id*. at 8. In light of the foregoing, the court orders the defendant to either designate Mr. Raymond for inquiry on this topic or produce someone better situated to respond to this area of inquiry.[1]

> b. That such official or officials should also have knowledge of the Initial Disclosures of Plaintiff Allen, including the EEOC file; and documents produced by Plaintiff Allen as set forth in Plaintiff Allen's Initial Disclosures. ***Those documents submitted are marked Doc. 1 to Doc. 14.***

Counsel for the defendant informed the court that the appropriate designee for this provision is Natalie Holmes. Because she no longer works for the Mississippi Department of Public Safety, counsel argued it is impossible to provide a designee for this subject matter. The court will not require the defendant to produce Natalie Holmes. As stated in the defendant's response to the 30(b)(6) notice, its "designee will answer appropriate questions to the best of her knowledge, based upon the information available to her." To the extent the defendant's designee(s) has knowledge of the plaintiff's initial disclosures, including the EEOC file and documents produced therein, he or she shall respond to questions on this topic; however, the defendant is not otherwise ordered to designate an individual on this topic.

> c. That such official or officials should have knowledge of the employment of Plaintiff Allen with the Defendant MDPS; and such official or officials should have knowledge of the facts and circumstances surrounding the claims of Plaintiff Allen as set forth in the Complaint and Amended Complaint of Plaintiff Allen that is the subject of this litigation.

---

[1] The version of the 30(b)(6) notice filed by the plaintiff has the following additional area of inquiry:

> That such official or officials should have knowledge of Defendant MDPS's Response to Plaintiff Allen's Request for Production of Documents and Things and Interrogatories First Set propounded to MDPS by Plaintiff Allen; and any supplementations of MDPS to said discovery including documents produced regarding this cause of action.

To the extent the defendant asserts the same objection as asserted with regard to the request outlined above as "a.", the court similarly orders the defendant to either designate Mr. Raymond for inquiry on this topic or produce someone better situated to respond to this area of inquiry.

Counsel for defendant stated that Mr. Ken Brown is the individual with knowledge of this topic and argued that the plaintiff is already deposing Mr. Brown individually. *See* Docket 115. While Mr. Brown may offer testimony at his deposition regarding these topics, the plaintiff is entitled to depose the Mississippi Department of Public Safety on these topics as well. The defendant shall either produce Mr. Brown as the designee for this area of inquiry or someone with similar knowledge.

    d.  That such official or officials should have knowledge of grievances or complaints regarding pay by female DL Examiners, including T.B. and P.J. from January 1, 2016, to January 1, 2020.

The defendant's designee is ordered to address this area of inquiry to the best of his or her knowledge.

    e.  That such official or officials should have knowledge of the release of DPS salaries in March 2018 in the periodical referenced in the Amended Complaint, **Docket No. 42, pgs. 20-22 of 73.**

During the parties' in-person conference with the court, it became clear that counsel for the plaintiff is seeking a designee to authenticate the "periodical referenced in the Amended Complaint." Upon learning that the document originated from a non-party periodical, the court finds the plaintiff's arguments regarding this area of inquiry are not compelling and will not require the defendant to produce a designee on this topic.

    f.  That such official or officials should have knowledge of the grievances filed by female DL Examiners including Plaintiff Allen, P.J., T.B. and others that were addressed and/or heard by Defendant Brown while serving as Director of the Driver Service Bureau.

The defendant is ordered to produce a designee who can testify regarding any grievances filed by female DL Examiners only to the extent the grievances allege gender discrimination.

    g.  That such official or officials should have knowledge of information and documents provided to the EEOC, and the process by which said Charge of Plaintiff Allen was processed by MDPS, and the officials of MDPS that were involved in responding to

the Allen's EEOC Charge and that provided such information or documentation to the EEOC.

The court does not require the defendant to produce a designee with respect to this topic. As discussed herein at "b.", Natalie Holmes handled the plaintiff's EEOC file and is no longer employed by the Mississippi Department of Public Safety. The defendant's production of the entire EEOC file is sufficient.

    h.  That such official or officials should have knowledge of documents produced in this civil action by Defendant MDPS, Doc. No. **MDPS 000001** to Doc. No. **MDPS 000059**; Doc. No. **EEOC 000001** to Doc. No. **EEOC 000132**; and Doc. No. MDPS **Personnel 000001-Personnel 000194** any subsequent documents produced by Defendant MDPS in this action.

As discussed herein at "a.", "Mississippi Department of Public Safety's Responses to Plaintiff's First Set of Interrogatories" were signed by Mr. Kevin Raymond in his capacity as the "Director, Driver Service Bureau." *Id*. at 8. To the extent Mr. Raymond is the individual with knowledge of the documents identified above, the court orders the defendant to designate Mr. Raymond or, alternatively, produce someone better situated to respond to this area of inquiry.

    i.  That such official or officials should have knowledge of the information contained in the Affidavits of Brown and Blanton that are on file and of record in this civil action by Defendant MDPS, Blanton, and Brown; and the person or persons that has possession of the any documents referenced in the Affidavits.

The court finds this is not an appropriate area of inquiry for a designee of the Mississippi Department of Public Safety. The plaintiff has noticed the depositions of Kenneth Brown and Denise Blanton (Docket 113, 115) and may make specific inquiry regarding the information contained therein or documents referenced therein during their depositions.

    j.  You are further notified that the representative(s) of the Defendant MDPS, is to bring with him or her and to have available at the deposition(s) the documents and/or tangible items as more specifically set forth in Plaintiff's discovery request propounded to MDPS; as well as any documents submitted by Defendant MDPS, *infra*, including Defendant's responses to the discovery requests of Plaintiff Allen that relate to the claims of Plaintiff Allen as set forth in her Complaint in this action.

During their conference with the court, counsel for plaintiff conceded this issue and stated he would have said documents available.

## II. Requests for Production of Documents

- Request No. 6: Request is made to produce for inspection and copying any and all employment and/or personnel records (201 file) of Haywood Herrington including his payroll records from January 1, 2017 to the present.

With regard to Request No. 6, the court orders the defendant to respond in full. To the extent the parties wish to provide the court with an agreed protective order covering the documents responsive to this request, the court will consider same.

- Request No. 22: Request is made to produce for inspection and copying any and all documents that reflect the pay raises, reclassification or promotion of DL Examiners by the MDPS from January 1, 2015 to February 5, 2019.

During the in-person conference, the court asked the plaintiff to state what evidence she had, if any, that any pay raise, reclassification, or promotion of any DL Examiner between January 1, 2015 and February 5, 2019 supported her allegations of gender discrimination. It became clear that the plaintiff contends employees were reclassified at various times to justify raises, however, she offered no evidence that any raise, reclassification, or promotion was the result of gender discrimination. The court agrees with the defendant that this request is nothing more than a fishing expedition and will not compel the defendant to respond.

**SO ORDERED,** this the 25th day of February, 2022.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**